UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY CONSTANTINE, individually and as heir and Successor in interest to TIM CONSTANTINE, deceased,<br><br>Plaintiff,<br><br>v.<br><br>TRESTLES LLC d/b/a CITY CREEK POST ACUTE; and DOES 1-50,<br><br>Defendants. | No. 2:21-cv-01987-MCE-JDP<br><br>**MEMORANDUM AND ORDER** |

Through the present lawsuit, Plaintiff Sandy Constantine ("Plaintiff") seeks damages as a result of the death of her husband, Tim Constantine, due to the COVID-19 virus while a patient at a skilled nursing facility, the City Creek Nursing Home (the "facility"), operated by Defendant Trestles LLC ("Defendant") in Sacramento California. Plaintiff's lawsuit, originally instituted in the Sacramento County Superior Court on or about October 6, 2021, asserted causes of action for 1) violation of California's Elder and Dependent Adult Civil Protection Act, Cal. Welf. & Inst. Code § 15600, et seq.; 2) negligence; and 3) wrongful death. Defendant timely removed the action to this Court on October 26, 2021, on grounds that federal question jurisdiction under 28 U.S.C. § 1331 is conferred by the complete preemption allegedly afforded by the federal Public

Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. §§ 247d-6d and 247d-6e (2006). Defendant further asserts that federal jurisdiction is proper because Plaintiff's state court action "arises under" the PREP Act and raises a substantial, and disputed, federal issue under Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005). Finally, Defendant asserts that removal is also proper under 28 U.S.C. § 1442(1)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer, on grounds that the facility was acting as such in complying with the coordinated national effort to respond to and contain the COVID-19 pandemic.

Presently before the Court is Plaintiff's Motion to Remand (ECF No. 11), made on grounds that all three bases proffered by Defendant to justify federal jurisdiction in this matter are without merit. As set forth below, Plaintiff's Motion is GRANTED.[1]

## BACKGROUND

In 2013, Plaintiff's decedent, Tim Constantine, was admitted to Defendant's facility for skilled medical care related his diagnosis of dementia. In addition to dementia, Mr. Constantine also suffered from hypertension and diabetes, all of which rendered him unable to provide for his own basic needs or to live with his family. As a dependent adult, Defendant had to meet Constantine's basic needs, such as "nutrition, hydration, hygiene, safety and medical care, including infection control and prevention, and prevention of serious injury." Plaintiff's Compl., ECF No. 1, ¶ 1.

Tim Constantine continued to reside at Defendant's facility until approximately September 24, 2020, when, at the age of 91, he was transferred to the hospital after being diagnosed with COVID-19. Plaintiff claims that prior to that time, the facility had withheld the services and supervision necessary to meet her husband's basic needs,

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

causing him to develop dehydration, hypoxic respiratory failure, pneumonia, and COVID-19 which ultimately caused his death on or about October 4, 2020.  Plaintiff further contends that the facility failed to monitor Mr. Constantine's condition in order to prevent injury, failed to develop and implement a reasonable care plan, failed to notify decedent's treating physician of adverse changes in his condition, and failed to properly implement and maintain a proper infection prevention and control program in accordance with state and federal health guidance for the coronavirus, among other allegations.  According to Plaintiff, By October 2020, sixty-three residents and thirty-nine staff members of the facility were diagnosed with COVID-19; eight people died.  Id. at ¶ 4.

Plaintiff now challenges Defendant's removal of her lawsuit, which on its face includes only claims sounding in state law, on grounds that there is no cognizable basis for federal question jurisdiction.  Thus, according to Plaintiff's motion now before the court for adjudication, the action must accordingly be remanded back to state court where it originated.

## STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Federal subject matter jurisdiction may be conferred where there is federal question jurisdiction under 28 U.S.C. § 1331.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  Id. § 1331.

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The party invoking the removal statute bears the burden of establishing federal jurisdiction."  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v.

Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted.  Id.  Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  If a complaint alleges only state-law claims and lacks a federal question on its face, then the federal court must grant the motion to remand.  See 28 U.S.C. § 1447(c); Caterpillar, 482 U.S. at 392.  Nonetheless, there are rare exceptions when a well–pleaded state-law cause of action will be deemed to arise under federal law and support removal.  They are "(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question."  ARCO Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

## ANALYSIS

In removing this case on federal question grounds, Defendant initially contends that Plaintiff's state action is completely preempted by the PREP Act.  The provisions of the Act, passed by Congress in 2005, are triggered when the Secretary of the Department of Health and Human Services ("HHS") makes a determination that a disease or other health condition poses a potential public health emergency.  42 U.S.C. § 247d-6d(b((1).  The Act provides that " a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an

1 | individual of a covered countermeasure. . . " Id. at § 247d-6d(a)(1).  Countermeasures,
2 | in turn, are defined in the Act as including a qualified pandemic or epidemic product, a
3 | drug, biologic product, or device, or a respiratory protective device.  Id. at § 247d-
4 | 6d(i)(1).
5 |       In arguing that the provisions of the PREP Act completely preempt Plaintiff's
6 | lawsuit for elder abuse, negligence and wrongful death under state law, Defendant
7 | primarily relies on a Central District decision, Garcia v. Welltower OpCo Grp. LLC, 522 F.
8 | Supp. 3d 734, 743 (C.D. Cal. 2021), which found that "the PREP Act is a complete
9 | preemption statute."  Defendant also relies on a district court case from the Western
10 | District of Louisiana which came to the same conclusion.  Rachal v. Natchitoches
11 | Nursing & Rehabilitation Ct. LLC, No. 1:21-cv-334, 2021 WL 5449053 n. 3 (W.D. La.
12 | Apr. 30, 2021).
13 |       As Plaintiff points out, however, and as another court in this district has observed,
14 | "[t]he dozens of other courts to have addressed the issue have found that the PREP Act
15 | is not a complete preemption statute."  Martinez v. Spruce Holdings, LLC, No. 1:21-cv-
16 | 0739 AWI SAB, 2021 WL 3883704 at *3 (E.D. Cal. Aug. 31, 2021) (and cases cited
17 | therein).  Even more significantly, to the extent there was any disagreement between
18 | district courts on that question, the Ninth Circuit resolved the issue in Saldana v.
19 | Glenhaven Healthcare LLC, 27 F.4th 679 (2022).
20 |       The Saldana decision confirmed that the PREP Act is not a complete preemption
21 | statute, finding that Congress intended neither to displace a state law cause of action of
22 | provide a substitute cause of action, as "[t]he text of the statute shows that Congress
23 | intended a federal claim only for willful misconduct claims and not claims for negligence
24 | and recklessness." Id. at 688 (citing 42 U.S.C. § 247d-6d(c)(1)(B).  The court further
25 | noted that the Act provides only "]a]n administrative fund, not an exclusive federal cause
26 | of action" for claims brought under the Act other than those involving willful misconduct.
27 | Id.  Importantly, too, to the extent that Defendant here asks the Court to defer to HHS
28 | pronouncements that the PREP Act does indeed provide complete preemption, Saldana

rejects that argument as well, noting that complete preemption is a jurisdictional doctrine and finding that "an agency's opinion on federal court jurisdiction is [accordingly] not entitled to Chevron deference.'" Id. at 687.

Saldana, like the present case, involves claims brought as a result of the death of nursing home resident from COVID-19, allegedly as a result of neglect and/or abuse. Also like the case at bar, the lawsuit brought on behalf of the decedent in Saldana alleged claims for elder abuse and neglect, negligence and wrongful death. In rejecting complete preemption under those analogous circumstances, the Ninth Circuit observed that the PREP Act "is not one of those 'rare' statutes 'where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action." Martin v. Filart, No. 20-56067, 2022 WL 576012 at *1 (9th Cir. Feb. 25, 2022), citing Saldana, 27 F.4th at 688. Because the Ninth Circuit's rejection of complete preemption there is binding on this Court, Defendant's removal on that basis necessarily fails.

Defendant's second argument in favor of federal question jurisdiction, that federal jurisdiction over a state law claim will lie if the federal issue is both disputed, substantial, and capable or resolution without disturbing the balance of federal and state power, is also foreclosed by Saldana. The Ninth Circuit, faced with causes of action comparable to those presented here, found that such claims are properly "raised under California law and do not raise questions of federal law on the face of the complaint" sufficient to confer so-called "embedded" federal jurisdiction. Saldana, 27 F.4th at 688, citing Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1090 (9th Cir. 2009).

Defendant's third and final grounds for asserting this Court's jurisdiction is no more successful. Under 28 U.S.C. § 1442, the federal officer removal statute, an action commenced in state court may be removed to federal court when it is "against or directed to . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . " Id. at subd. (a)(1).; Goncalves v. Rady Children's Hosp. San Diego, 865 F.3d 1237, 1243 (9th Cir.

2017).  As the Saldana court noted, the "basic purpose" of the statute 'is to protect the federal government from the "unwarranted state interference with its operations" that could result if a state attempted to hold a federal officer liable for violations of state law allegedly committed by such officers acting within the scope of their authority.  Saldana, 27 F.4th at 684, citing Watson v. Philip Morris Cos., Inc., 551 U.S. 142, 150 (2007).

To remove a state court action under the federal officer removal statute, a defendant must establish that "(1) it is a person within the meaning of the statue; (b) there is a causal connection between its actions, taken pursuant to a federal officer's directions and plaintiff's claims; and (c) it can assert a colorable federal offense." Stirling v. MInasian, 955 F.3d 795, 800 (9th Cir. 2020).  In determining whether Defendant's actions here were taken "pursuant to a federal officer's directions" the question becomes whether the person or entity allegedly acting as a federal officer is one "who lawfully assists a federal officer in the performance of his official duty and is authorized to act with or for federal officers or agents in affirmatively executing duties under federal law." Saldana, 27 F.4th at 684, citing Watson, 551 U.S. at 143.  As the Ninth Circuit has observed, the relationship between a federal officer or agency and a person or entity "acting under" the officer of agency for purposes of the statute "typically involves subjection, guidance or control, with simple compliance with a law or regulation insufficient to bring a party within the purview of the statute." Id.

Here, as in Saldana, the fact that the federal government may have enlisted private entities like Defendant to join in the fight against COVID-19 is insufficient to make Defendant a federal officer, let alone invoke the causal nexus necessary to invoke removal under 28 U.S.C. § 1442.  Courts within the Ninth Circuit have "routinely h[e]ld that nursing homes implementing [federal] regulations relating to Covid 19 are merely complying with regulations or following the law, they are not acting pursuant to a federal officer's direction for purposes of § 1442." Martinez, 2021 WL 3883704 at *3.  Reliance on mere regulations and recommendations, without more, "fail[s] to establish that [Defendant" was 'acting under' a federal official." Saldana, 27 Cal. 4th at 685.

7

**CONCLUSION**

For all the above reasons, Plaintiffs' Motion to Remand (ECF No. 11) is GRANTED.  Having concluded that federal jurisdiction is lacking, the Court need not address the merits of Defendant's Motion to Dismiss (ECF No. 7); that Motion is accordingly DENIED as moot.

The Clerk of Court is directed to remand this case to the originating state court, the Superior Court of the State of California in and for the County of Sacramento, for final adjudication.[2]  The Clerk of this court shall close the case in this Court.

IT IS SO ORDERED.

DATED:  October 6, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Given the Ninth Circuit's clear directive, as well as the Court's understanding that requests for panel rehearing and for rehearing en banc were unanimously denied in both Saldana and Martin, the Court denies Defendant's request for a temporary stay on remand pursuant to Fed. R. Civ. P. 62(a) for purposes of permitting Defendant to exercise its right to appeal.  Defendant's concurrently-made request for limited jurisdictional discovery is denied for the same reason.